## STEIN v. DOSCH.

(Court of Appeals of District of Columbia. Submitted March 15, 1922. Decided April 3, 1922.)

No. 1487.

1. **Patents ☞106(2)—Refusal of amendment of preliminary statement held not abuse of discretion.**

Where the preliminary statement of an experienced inventor, made after at least two consultations with his attorney, stated that he first reduced the invention to practice on a specified date, the refusal to permit him to amend the preliminary statement, after he had seen statement of the adverse party, to allege the making and operation of a machine embodying the invention more than two years before the date stated in his first statement, was not an abuse of discretion.

2. **Patents ☞90(2)—Junior applicant held to have shown reduction to practice prior to senior applicant's filing date.**

Where, in interference proceedings involving a simple improvement in driving shaft for power-driven sewing machines, the junior applicant showed a reduction to practice prior to the filing date of the senior applicant, the junior *held* entitled to priority.

Appeal from the Commissioner of Patents.

Interference proceedings between Samuel F. Stein and Oliver L. Dosch. From a decision of the Patent Office awarding priority to Dosch, Stein appeals. Affirmed.

Charles J. Williamson, of Washington, D. C., for appellant.

John F. Heine, of Elizabeth, N. J., and George F. Scull, of New York City, for appellee.

ROBB, Associate Justice. Appeal from a Patent Office decision in an interference proceeding awarding priority of invention to the junior party Dosch.

The invention is a very simple one. Power-driven sewing machines are arranged in series on either side of a so-called table. In the prior art the driving shaft was located considerably below the table, and this invention consists in moving that shaft to a position directly under the table. It is expressed in four counts, of which the first, here reproduced, is sufficiently illustrative:

"1. As an improvement in power mechanism for sewing machines, the combination of a table supporting a series of sewing machines and having a depression, a driving shaft located in such depression, driving wheels on said shaft, and means for transmission of power from said wheels to sewing machine supported on the table top."

[1] In his preliminary statement, which was the result of at least two interviews with his attorney, Stein, already somewhat experienced as an inventor, alleged that he conceived, disclosed, and made drawings of the invention "in the fall of 1914, and made other drawings in or about July, 1916"; that a written description of the invention "was first made on or about January 27, 1917"; that he first reduced the invention to practice "on or about March 15, 1917," by filing his application; "that he has built no machine embodying said invention."

After he had seen the preliminary statement of Dosch, he moved to amend his preliminary statement by alleging the making and operation, in December of 1914, of a full-sized machine embodying the invention. This machine, he alleges, was set up on a Sunday, operated for a short time in the presence of his brother, and dismantled on the same day. The Examiner of Interferences said:

"An examination of Stein's testimony shows that he is a person of keen perception and ready understanding. It appears most unusual that Stein should have had two conferences with an experienced attorney in regard to the preparation of the preliminary statement and in his description of the conception of and development of the invention should have failed to mention the only device he ever constructed or the only test that he ever made of his invention. * * * To allow a party to amend his preliminary statement in the manner here asked, after having seen the other party's dates, would tend to negative the value or utility of preliminary statements unless such amendment was accompanied with a clear and satisfactory showing in support thereof."

Accordingly, the motion to amend was denied by the Examiner, and his action was sustained by the higher tribunals.

We concur in the ruling denying to Stein the right to amend his preliminary statement. Certainly no abuse of discretion has been shown. Blaw v. Whitall, 43 App. D. C. 20.

[2] Drawings of the Dosch machine were made in August of 1916, and a table embodying the invention was constructed in the latter part of that year. The Examiner of Interferences was not satisfied that reduction to practice prior to Stein's filing date had been shown. The Examiners in Chief and the Assistant Commissioner, however, after a careful review of the evidence, reached the conclusion that such reduction to practice by Dosch clearly appeared, and the question is so free from doubt, in our view, that we accept their ruling without further discussion of the evidence. As already stated, the invention is a very simple one, and the later changes made in the table were purely mechanical. As was said by the Assistant Commissioner, in speaking of Dosch's early table:

"The assembly of such a structure followed by operation in which the machines were started and stopped and sewing was done would appear to be sufficient to demonstrate whether or not the device was capable of successfully performing the work for which it was intended. * * * The testimony appears to clearly show that the results of the test were satisfactory to those concerned."

Since Stein was lacking in diligence, the decision awarding priority to Dosch was correct, and must be affirmed.

Affirmed.